UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOELLEN REVELLA-NEMETH,

                Plaintiff,        Docket No.: 07 CV 03692

   -against-                  <u>RULE 26 AUTOMATIC DISCLOSURE</u>

KOHL'S DEPARTMENT STORES, INC.,,

                Defendants.
------------------------------------------------------------X

      Plaintiff, pursuant to Rule 26 of the Federal Rules of Civil Procedure; provides the following mandatory Disclosure as follows:

<u>RESPONSE RESERVATIONS AND LIMITED OBJECTIONS</u>

      By providing any information, plaintiff does not concede the materiality of the subject to which it refers. Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding including the trial of this action or any subsequent proceeding.

      1.     Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of plaintiff's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

      2.     Plaintiff is continuing to search for documents and information relevant to this litigation and therefore reserves the right to supplement its responses, if necessary. Plaintiff also reserves the right to object to the future disclosure of any such documents and/or information.

T:\DOCS\8027\001\16K4362.WPD        -1-

Response to 26(a)(1)(A):

The individuals listed below may have pertinent information regarding the claims, defenses and damages in this case:

1.  JoEllen Revella-Nemeth
    16 Church St.
    Walden, NY 12586

    Tel. (845) 713-4303

    Plaintiff in the action has personal knowledge of the events.

2.  USIS
    7799 Leesburg Pike,
    Suite 1100 North
    Falls Church, VA 22043-2413

    Tel. (800) 672-1264

    Defendant reported false information to USIS, which is a employment clearinghouse database.

3.  USMA
    4500 S. 129th E. Ave. Suite 200
    Tulsa, OK 74135-5885

    Tel. (918) 280-4088

    Defendant reported false information to USIS, which is a employment clearinghouse database.

4.  Kevin Rizzardi
    Kohl's Employee
    (Address unknown)

    Kohl's Regional Director of Loss Prevention sent letter of apology to Plaintiff regarding the false information sent to USMA/ USIS theft database.

5.  Dolores Ross
    6 Brighton Rd.
    Clifton, NJ 07015

    Tel. (973) 249-4425

    Manager of Human Resources - Eastern Zone for Linens-N-Things, one of the employers that used the false information given to USMA/USIS by Kohl's and thereupon terminated Plaintiff.

    6.    Casey McKay
Century 21 Stores
(Address Unknown)

Tel. (212) 227-9092 Ext. 2744

Human Resources Assistant for Century 21 Stores, another retailer who used the information Kohl's provided to USMA/USIS and determined they could not hire Plaintiff due to this information.

    7.    Brenda Revella
350 E. 62nd St. Apt. 4H
New York, NY 10021

Tel. (212) 750-4340

Witnessed the emotional and economical struggle put on Plaintiff by Defendant due to the false information Kohl's sent to USMA/USIS.

Response to 26(a)(1)(B):

Disclose the documents relied on by the parties in preparing the pleadings or documents that are expected to be used to support allegations:

The documents relating to the claims, defenses and damages in this case are attached hereto:

1. Correspondence from Linens-N-Things dated February 24, 2006, Bates No. "1" through "2".

2. E-mail from Casey McKay dated December 23, 2005, Bates No. "6".

3. Correspondence from USIS, dated March 28, 2006, Bates No. "4" through "5".

4. Correspondence from Kohl's, dated March 2, 2006, Bates No. "3".

Response to 26(a)(1)(C):

Computation of any category of damages claimed by the disclosing party:

The following is plaintiff's claim damages:

At the time of separation, Plaintiff was earning approximately $55,000.00 per year including wages and overtime.

Plaintiff further received medical benefits for her family valued at approximately $9,000.00 per year.

Plaintiff further earned other benefits that cannot be presently calculated.

She incurred job search costs of approximately $200.00 per week.

Inability to make payments by virtue of unemployment caused additional monetary and property losses of $25,000.00.

Plaintiff presently earns approximately $55,000.00 less per year than with Defendant.

Plaintiff continues to be without medical coverage or retirement benefits. Plaintiff had incurred out-of-pocket medical expenses in excess of $1,000.00.

Plaintiff has suffered emotional distress in amounts to be determined by a jury.

Plaintiff has incurred legal expenses, costs and disbursements at the rate of $300.00 per hour and continuing.

Plaintiff is entitled to punitive damages in amounts to be determined by a jury.

Plaintiff reserves the right to amend and/or supplement these responses at any time prior to the trial of this action.

Response to 26(a)(1)(D)

Disclose the contents of any insurance agreement:

Not applicable to plaintiff.

Dated: June 8, 2007
       Walden, New York

>                                    Jacobowitz & Gubits, LLP
>
>                                    __s/_____
>                                    By: Joseph J. Ranni, Esq.
>                                    Attorney for Plaintiff
>                                    158 Orange Avenue, P.O. Box 367
>                                    Walden, New York 12586
>                                    (845) 778-2121

TO:   Steven F. Goldstein, LLP
      Attorney for Defendant
      One Old Country Road, Suite 318
      Carle Place, New York 11514
      (516) 873-0120