# EXHIBIT A

Case 7:07-cv-03692-GAY    Document 7-2    Filed 06/25/2007    Page 2 of 16    1629

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
JOELLEN REVELLA,

                        Plaintiff,

- against -

KOHL'S DEPARTMENT STORES, INC.,

                        Defendant.
-----------------------------------------------------------------X

Index No. 2007-1891

*Plaintiff designates*

Orange
*County as the place of trial*

*Venue is based on
Defendant's place of
business*

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    Walden, New York
              March 1, 2007

                                            Yours, etc.,

                                            JOSEPH J. RANNI, ESQ.
                                            JACOBOWITZ AND GUBITS, LLP
                                            Attorneys for Plaintiff
                                            158 Orange Avenue, P.O. Box 367
                                            Walden, New York 12586
                                            (845) 778-2121

TO:    Kohl's Department Stores, Inc.
          1001 Montauk Highway
          Shirley, New York 11967

2007 MAR -1 P 3 03
ORANGE COUNTY CLERK
FILED
ORIGINAL FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------x    2007-1891
JOELLEN REVELLA,

                     Plaintiff,    **COMPLAINT**

  -against-

                         Index No.:

KOHL'S DEPARTMENT STORES, INC.,

                     Defendants.
-----------------------------------------------------------------x

      JOELLEN REVELLA, by her attorneys, Jacobowitz & Gubits, LLP, complains against KOHL'S DEPARTMENT STORES, INC. (hereinafter "Kohl's" or "Defendants"), the Defendants, as follows:

    1.    At all times hereinafter, Plaintiff JoEllen Revella (hereinafter "Revella" or "Plaintiff") resides at 22 Pleasant Avenue, Walden, New York 12586.

    2.    Upon information and belief, Kohl's is a foreign corporation.

    3.    Upon information and belief, Kohl's is a domestic corporation existing in accordance with the laws of the State of New York.

    4.    Upon information and belief, Kohl's is authorized to do business in the State of New York.

    5.    Upon information and belief, Kohl's is doing business in the State of New York.

    6.    Upon information and belief, Kohl's is in the business of retail sales of consumer goods.

    7.    In furtherance thereof, the Defendant employs individuals in various corporate marketing sales, clerical positions and management personnel.

    8.    Kohl's operates a retail facility at 1001 Montauk Highway in the County of Suffolk, State of New York at which the Plaintiff was employed.

    9.    Starting in or about the year 2002, Plaintiff was employed by the defendant as an Assistant Manager.

    10.    Plaintiff gave notice of her intent to leave employment on January 12, 2004.

    11.    As an Assistant Manager, Plaintiff performed her duties and responsibilities in a

1

satisfactory manner. Plaintiff did not suffer any material criticism or discipline during her employment with defendant nor did defendant ever seek plaintiff's separation, termination or request plaintiff's resignation.

12. After leaving Kohl's, the defendant falsely stated, or caused false information to be communicated, that Plaintiff had been terminated from employment as a result of the, "Unauthorized taking of merchandise in the amount of $45.02" or words to that effect.

13. Such information was intentionally and knowingly communicated by Kohl's to the United States Merchandisers Association (USMA).

14. USMA is a trade organization utilized by the retail industry to provide reports and/or information about former employees for prospective employers.

15. At the time the information was uttered by the Defendant, such information was known to be false; that Defendant failed and/or refused to ascertain the truthfulness thereof through reasonable means; or otherwise constructively knew or should have known of the falsity of such communication.

16. Such utterances were published by Defendant with the knowledge that USMA would repeat and republish such false information to prospective employers of Plaintiff.

17. Defendant knew, either actually or constructively, that Plaintiff would be denied, deterred or terminated from employment as a result thereof.

18. Plaintiff thereafter sought employment and was denied such employment as a direct or consequential result of the false information uttered by Defendant.

19. On February 24, 2006, Plaintiff was denied and terminated from employment by "Linens-n-Things" as a result of Defendant's conduct.

20. On or about March 28, 2006, Plaintiff learned of and disputed the false, slanderous and libelous information uttered and published by Defendant.

21. Defendant thereafter acknowledged the falsity of said information and issued a retraction thereof.

## AS AND FOR THE FIRST CAUSE OF ACTION

22. Defendants statements were defamatory and slanderous per se.

23. That as a result thereof, Plaintiff is entitled to damages in the amount of $450,000.00. compensatory damages, treble damages, punitive/liquidated damages, interest from the date due, attorneys fees, costs and disbursements and such other relief to which she may be entitled.

## AS AND FOR THE SECOND CAUSE OF ACTION

24. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.

25. Defendants statements were libelous per se.

26. Wherefore, Plaintiff is entitled to relief in an amount of $450,000.00 and is entitled to damages including, but not limited to compensatory damages, expectation damages, punitive damages, costs and disbursements and such other remedy to which Plaintiff may be entitled.

## AS AND FOR THE THIRD CAUSE OF ACTION

27. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.

28. That Defendant negligently disseminated false information it knew or should have known was false.

29. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, interest from the date due, costs and such other relief as she may be entitled.

## AS AND FOR THE FOURTH CAUSE OF ACTION

30. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.

3

31. Defendants' conduct amounts to the infliction of intentional emotional distress upon Plaintiff.

32. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, liquidated damages, interest from the date due, fees, costs and disbursements and such other relief as she may be entitled.

## AS AND FOR THE FIFTH CAUSE OF ACTION

33. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.

34. That as a result of Defendant's conduct, Plaintiff is entitled to equitable remedies.

35. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, quantum meruit, interest from the date due, attorneys fees, costs and disbursements and such other equitable relief as she may be entitled.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the damages sought by Plaintiff; for fees incurred in the prosecution of this action; and for such further relief the Court deems just and proper.

Dated: Walden, New York
       March 1, 2007

JACOBOWITZ & GUBITS, LLP

By: Joseph J. Ranni, Esq.
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
(845) 778-2121

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
JOELLEN REVELLA,

                      Plaintiff,                    **VERIFICATION**

-against-

KOHL'S DEPARTMENT STORES, INC.,            Index No.:

                      Defendant.
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                                ) SS.:
COUNTY OF ORANGE    )

      **JOELLEN REVELLA**, being duly sworn, deposes and says that he is the Plaintiff herein residing in Walden, New York and states that she has read the annexed Complaint, knows the contents thereof and the same is true to her knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters she believes them to be true. Her belief, as to those matters therein not stated upon knowledge, is based upon the files maintained by JACOBOWITZ & GUBITS, LLP

                                                        _____
                                                        JOELLEN REVELLA

Sworn to before me this
22 day of February, 2007.

_____
Notary Public

KERRY A. BURAKOWSKI
Notary Public, State of New York
Residing in County of Orange
No. 01BU5014217
Commission Expires July 15, 2007

Index No.            Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

JOELLEN REVELLA,

                Plaintiff,

        - against -

KOHL'S DEPARTMENT STORES, INC.,

                Defendant.

### SUMMONS AND VERIFIED COMPLAINT

**JACOBOWITZ AND GUBITS**
*Attorneys for Plaintiff*
158 ORANGE AVENUE - P.O. BOX 367
WALDEN, NEW YORK 12586
(845) 778-2121

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:_____          Signature..................................................................

                                                  Print Signer's Name _____

Service of a copy of the within                                               is hereby admitted.

Dated:
                                          Attorney(s) for

**PLEASE TAKE NOTICE**

[ ] NOTICE OF ENTRY  that the within is a true copy of a entered in the office of the clerk of the within named Court on

[ ] NOTICE OF SETTLEMENT  that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,
at
on                      200, at              M.

Dated:

                                                         **JACOBOWITZ AND GUBITS**
                                                         *Attorneys for Plaintiff*
                                                         158 ORANGE AVENUE - P.O. BOX 367
                                                         WALDEN, NEW YORK 12586

*To:*

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOELLEN REVELLA,

            Plaintiff,

-against-

KOHL'S DEPARTMENT STORES, INC.,

           Defendant(s)
------------------------------------------------------------X

Docket No.: WP4

NOTICE OF REMOVAL

FILED MAY - 9 2007 USDC WP SDNY

Trial by Jury Demanded

07 CIV. 3692



    Defendant, KOHL'S DEPARTMENT STORES, INC., files this Notice of Removal and requests that removal be granted for the reasons set forth herein.

    The defendant seeks removal pursuant 28 U.S.C. §1441(a). The matter sought to be removed now is pending in the Supreme Court of the State of New York, County of Orange. This Court would have original jurisdiction over this matter pursuant to 28 U.S.C. §1332. At the time of filing of the Complaint and at the time of filing this Notice of Removal; (1) the plaintiff was and is a resident and citizen of the State of New York; County of Orange and (2) the defendant, KOHL'S DEPARTMENT STORES, INC., is a Foreign Corporation with its headquarters in Wisconsin. According to the allegations in the plaintiff's Complaint, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Defendant's received a copy of the Summons and Complaint on or about April 23, 2007.

    Copies of all papers received by the defendants in the State Court action are contained in Exhibit "A" annexed hereto.

Dated: Carle Place, New York
       May 7, 2007

                                      Yours, etc.

                                      STEVEN F. GOLDSTEIN, LLP

                                    By: _____
                                        Steven F. Goldstein
                                   Attorneys for Defendants
                                   One Old Country Road, Suite 318
                                   Carle Place, New York 11514
                                   (516) 873-0011

TO:    JACOBOWITZ AND GUBITS, LLP
Attorneys for Plaintiff
158 Orange Avenue,
Post Office Box 367
Walden, New York 12586
(845) 778-2121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOELLEN REVELLA,                                                    Docket No.: 07 CIV 3692

                                Plaintiff,   **VERIFIED ANSWER**

  -against-                                                         **Trial by Jury Demanded**

KOHL'S DEPARTMENT STORES, INC.,                                     Wood, J.

                                Defendant.
------------------------------------------------------------------X

        Defendant(s), KOHL'S DEPARTMENT STORES, INC., as and for its Verified Answer to the Verified Complaint of the plaintiffs herein, by its attorneys, STEVEN F. GOLDSTEIN, LLP, respectfully alleges and states, upon information and belief, as follows:

### ANSWERING FIRST CAUSE OF ACTION

        1.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs "1," "7," "9," "10" and "11" within the Verified Complaint.

        2.     Defendant denies each and every allegation contained in Paragraphs "3," "12," "13," "14," "15," "16," "17," "18," "19," "20," "21," "22," and "23" of the within Verified Complaint.

### ANSWERING SECOND CAUSE OF ACTION

        3.     Defendant repeat, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" through "23" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

        4.     Defendant denies each and every allegation contained in paragraph "25" and "26" of the within Verified Complaint.

### ANSWERING THIRD CAUSE OF ACTION

        5.     Defendant repeat, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1"

through "27" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

6. Defendant denies each and every allegation contained in Paragraphs "28" and "29" of the within Verified Complaint.

### ANSWERING FOURTH CAUSE OF ACTION

7. Defendant repeats, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" through ""29" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

8. Defendant denies each and every allegation contained in Paragraphs "31" and "32" of the within Verified Complaint.

### ANSWERING FIFTH CAUSE OF ACTION

9. Defendant repeats, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" and "32" of the within Verified Complaint of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

10. Defendant denies each and every allegation contained in Paragraphs "34" and "35" of the within Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. That the plaintiff's Verified Complaint, in whole or in part, fails to state a valid cause of action, or claim upon which relief may properly be granted against this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Upon information and belief, that any injuries sustained by plaintiff, were caused solely and wholly by reason of the carelessness, negligence, acts or omissions of the plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. This answering defendant denies any liability. However, should defendant be held responsible, the defendant demands that responsibility and damages be apportioned, reduced and determined in accordance with Articles 14 and 16 of the CPLR, in that if the finder of fact finds the answering defendant responsible, then plaintiff damages were caused by her own culpable conduct and/or the culpable conduct and/or acts of others.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. In the event plaintiff recovers a verdict or judgment against answering defendant, said verdict or judgment should be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replaced or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. This answering defendant pleads as a set off of all settlements, discontinuances or agreements which would reduce any recovery pursuant to General Obligations Law 15-108.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. If it is proven that the defendant made statement(s) about the plaintiff, false or otherwise, then such statement(s) were made under a qualified privilege.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. If it is proven that the defendant made statement(s) about the plaintiff, false or otherwise, were truthful when made.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to mitigate the damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. The plaintiff has not suffered a pecuniary loss or opportunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20. That if it is proven that false statements were made about the plaintiff, than such

statement were made by a person not employed by the defendant.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21. That if it is prove that false statement(s) were made by an employee of the defendant, than such statement(s) were made outside the scope of their employment and that they had no authority to bind the defendant.

WHEREFORE, defendant KOHL'S DEPARTMENT STORES, INC., demands judgment dismissing the complaint of the plaintiff herein, together with all reasonable costs and expenses which may have been incurred in the defense of this action.

Dated: Carle Place, New York
       May 11, 2007

Yours, etc.

STEVEN F. GOLDSTEIN, LLP

By: _____
       Steven F. Goldstein (2076)
Attorneys for Defendant
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

TO: JACOBOWITZ & GUBITS, LLP
    Attorneys for Plaintiff
    158 Orange Avenue, P.O. Box 367
    Walden, New York 12586
    (845) 778-2121

## VERIFICATION

STATE OF NEW YORK      )
                       )  SS.:
COUNTY OF NASSAU       )

      **STEVEN F. GOLDSTEIN**, an attorney admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the Civil Practice Law and Rules of the State of New York.

      1.      The affirmant is a member of the law firm of STEVEN F. GOLDSTEIN, LLP attorney for defendant.

      2.      The affirmant has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes it to be true.

      3.      The affirmant further states that the reason this verification is being made by the affirmant and not by the defendant, is that the defendant is not currently within the County in which the affirmant maintains his office.

      4.      The grounds of belief as to all matters not stated upon the knowledge of the affirmant are as follows: information contained in the records and files of the affirmant and of plaintiff.

_____
STEVEN F. GOLDSTEIN

Sworn to before me this
14 day of May 2007

_____
Notary Public

DEBRA BARBINE
Notary Public, State of New York
No. 01BA5076195
Qualified in Nassau County
Commission Expires April 21, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) SS.:
COUNTY OF NASSAU             )

DEBRA, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the 14 day of May 2007, deponent served the within **VERIFIED ANSWER** upon:

TO:    JACOBOWITZ & GUBITS, LLP
       Attorneys for Plaintiff
       158 Orange Avenue, P.O. Box 367
       Walden, New York 12586
       (845) 778-2121

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

*DEBRA BARBINE*

Sworn to before me this
14 day of May 2007

*Sally Taylor*
Notary Public

SALLY TAYLOR
Notary Public, State of New York
No. 01TA6126220
Qualified in Nassau County
Commission Expires May 2, 2009