UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOELLEN REVELLA ,                                                    Docket No: 07 CIV 3692

                Plaintiff,                                       (MDF, MJ)

       -against-

KOHL'S DEPARTMENT STORES, INC.,

                Defendant.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANTS MOTION TO DISMISS
# ON STATUTE OF LIMITATIONS GROUNDS

                                          STEVEN F. GOLDSTEIN, LLP
                                          Attorneys for Defendant
                                          One Old Country Road, Suite 318
                                          Carle Place, New York 11514
                                          (516) 873-0011

By: STEVEN F. GOLDSTEIN, ESQ.

## TABLE OF AUTHORITIES

|  | Page |
|---|---|
| **Aequitron Medical Inc, v CBS, Inc**, 1994 WL 414361 (S.D.N.Y., 1994) | 1 |
| **David J. Gold, P.C. v Berkin**, 2001 WL 12190 (S.D.N.Y., 2001) | 1 |
| **Goldner v. Sullivan, Gough, Skipworth, Summers & Smith**, 1984, 105 A.D.2d 1149, 482 N.Y.S.2d 606 (4th Dep't) | 1 |
| **Lansford v Roman Catholic Diocese of Brooklyn**, 271 A.D. 2d 494, 705 N.Y.S.2d 661 (2nd Dep't, 2000) | 2 |
| **Macholz v Weiss**, 279 A.D. 2d 557 (2nd Dep't, 2001) | 2 |
| **Rare 1 Corp v Zwiebel Diamond Corp**, 13 Misc.3d 279, 822 N.Y.S.2d 375 (Supreme Court, New York, 2006) | 1 |
| **Weisman v Weisman**, 108 A.D. 2d 853, 485 N.Y.S.2d 570 (2nd Dep't, 1985) | 2 |

## POINT I

### PLAINTIFF'S FIRST, SECOND AND FOURTH CAUSES OF ACTION ARE BARRED BY A ONE (1) YEAR STATUTE OF LIMITATIONS

C.P.L.R. 215(3) provides in pertinent part as follows:

> The following actions shall be commenced within one year:
>
> 3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under.

The plaintiff's First, Second and Fourth causes of action allege intentional acts by the defendant. In New York, the general applicable statute of limitations for actions involving acts of defamation is one (1) year. The period runs from the date of the initial publication of the alleged defamatory writing, and not from the date of the publications distribution.(**Goldner v. Sullivan, Gough, Skipworth, Summers & Smith**, 1984, 105 A.D.2d 1149, 482 N.Y.S.2d 606 (4th Dep't); (**Rare 1 Corp v Zwiebel Diamond Corp**, 13 Misc.3d 279, 822 N.Y.S.2d 375 (Supreme Court, New York , 2006).

The plaintiff's complaint at paragraph 19 alleges that on February 24, 2006, she was terminated from her employment at Linen-N-Things as a result of the defendant's conduct. Therefore, it is respectfully submitted that the plaintiff's First and Second causes of action arose at the latest on February 24, 2006 and that therefore they are time barred.

In **David J.Gold, P.C. v Berkin**, 2001 WL 12190 (S.D.N.Y., 2001), the court dismissed the plaintiff's defamation claim as time barred on the basis that the action was not commenced within

1

the applicable one (1) year statute of limitations. (See also, **Aequitron Medical Inc, v CBS, Inc**, 1994 WL 414361 (S.D.N.Y., 1994).

Although a cause of action sounding in Intentional Infliction of Emotional Distress is not specifically noted in the C.P.L.R. § 215(3) the Court's have held that the one (1) year statute of limitations is applicable. (See: **Macholz v Weiss**, 279 A.D. 2d 557 (2nd Dep't, 2001; **Lansford v Roman Catholic Diocese of Brooklyn**, 271 A.D. 2d 494, 705 N.Y.S.2d 661 (2nd Dep't, 2000); **Weisman v Weisman**, 108 A.D. 2d 853, 485 N.Y.S.2d 570 (2nd Dep't, 1985). Again, applying the February 24, 2006 accrual date the Fourth cause of actions is time barred.

## CONCLUSION

The First, Second and Fourth causes of action all fall under the one (1) year statute of limitations set forth in C.P.L.R. § 215(3) and, therefore, they are all time barred. As plaintiff cannot maintain these causes of action, they must necessarily be dismissed with prejudice.

Dated: June 22, 2007

Respectfully Submitted,

STEVEN F. GOLDSTEIN, L.L.P.

By:_____
    STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendant
One Old Country Road, Suite 318
Carle Place, New York 11514

2