UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOELLEN REVELLA,

                Plaintiff,                    Docket No.: 07 CV 03692


      -against-


KOHL'S DEPARTMENT STORES, INC.,,

                Defendants.
--------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS


JACOBOWITZ & GUBITS, LLP
By:    Joseph J. Ranni, Esq.
        Carmee G. Murphy, Esq.
*Attorneys for Plaintiff, JoEllen Revella*
158 Orange Avenue,
P.O. Box 367
Walden, New York 12586
(845) 778-2121

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ i

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ............................................................................................................... 5

      POINT I       DEFENDANT'S MOTION MUST BE DISMISSED AS UNTIMELY ..... 5

      POINT II     DEFENDANT WAIVED ITS RIGHT TO A STATUTE OF
                     LIMITATIONS DEFENSE .......................................................................... 6

CONCLUSION ............................................................................................................ 7

## TABLE OF AUTHORITIES

**Page**

### Federal Cases

Davis v. Bryan, 810 F.2d 42 (2[d] Cir. 1987) ................................................................... 6

Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742 (2[d] Cir. 1992) ........................ 6

Only v. Ascent Media Group, LLC, 2006 U.S. Dist. LEXIS 72676 (DNJ 2006) ........................... 5

Sherman v. Kramer & Spiegler, et. al., 79 U.S.P.Q. (BNA) 65 (SDNY 1948) .............................. 5

Vassardakis v. Parish, 36 F.Supp. 1002 (SDNY 1941) ................................................................ 5

### Statutes, Rules, and Regulations

FRCP 8(c) (2007) ............................................................................................................... 6

FRCP 12(b) (2007) ........................................................................................................ 1, 5, 6

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to defendants' motion to dismiss the plaintiffs' complaint. This case stems from defendant Kohl's Department Stores, Inc. ("Kohl's") reporting admitted false information about the plaintiff to a national database service which communicates such information to potential employers.

There a numerous errors contained in defendant's motion.[1]  Defendant's motion is a 12(b) motion,[2] which <u>must</u> be made before defendant serves its answer. Defendant served its answer prior to making this motion. Decisional law has held that 12(b) motions made after service of the answer <u>must</u> be dismissed.

In addition, defendant's motion is solely predicated on the statute of limitations applicable to a number of the plaintiff's causes of actions. Defendant, however, failed to plead the statute of limitations as an affirmative defense in its answer, and therefore it is considered "waived" under the Federal Rules.

Consequently, defendant's failure to properly plead the statute of limitations as an affirmative defense, coupled with the untimeliness of defendant's Rule 12 motion, is fatally defective to defendant's current motion, and defendant's motion should be denied.

---

[1] There are other errors and inconsistencies contained within the defendant's motion. For example, defendant's notice of motion seeks to dismiss the plaintiff's complaint in its entirety. However, Mr. Goldstein's affirmation is offered "in support of the within motion seeking to dismiss the First, Third, and Fourth causes of action of the plaintiff's complaint. . ."  See, Goldstein aff., ¶ 1. Mr. Goldstein's affirmation later seeks to dismiss "plaintiff's First Second and Fourth causes of action . . ." See, id, p. 2. Likewise, Mr. Goldstein's closing statement seeks to dismiss plaintiff's "First, Second and Fourth causes of action." See, id, ¶ 9. In addition, defendant's supporting memorandum of law only addresses the plaintiff's First, Second and Fourth causes of action. See, def.'s memo, p. 1.

[2] Defendant states its motion is made pursuant to Federal Rules of Civil Procedure Rule 12(b)(1)(6) (<u>see</u>, defendant's notice of motion; <u>and</u>, the affirmation in support of defendant's motion from Steven F Goldstein ("Goldstein aff."), ¶¶ 1 <u>and</u> p. 2). This is a non-existent rule. Plaintiff assumes that defendant's motion is predicated on either Rule 12(b)(1) or Rule 12(b)(6).

1

## STATEMENT OF FACTS

Plaintiff was employed as an Assistant Store Manager for Kohl's from November 22, 2002 until her voluntary resignation on January 12, 2004.  See, Revella aff., ¶¶ 2 and 3; and, **Exhibit "7,"** ¶¶ 9-10.  Plaintiff performed her duties and responsibilities in an exemplary manner, and was not subject to any performance related criticisms or discipline during her employment with Kohl's.  See, **Exhibit "7,"** ¶ 11.  On or about January 12, 2004, plaintiff resigned from her employment (see, Revella aff., ¶ 3; and,  **Exhibit "1"**) from Kohl's under good terms (see, **Exhibit "5"**).

Soon thereafter, unbeknownst to plaintiff, Kohl's falsely reported to the United States Merchandisers Association ("USMA"), now known as the United States Information Service ("USIS")[3] that plaintiff was terminated on January 12, 2004 for "Unauthorized Taking of Merchandise" in the amount of "$45.02."  See, **Exhs. "2"** and **"3."**  This information was re-verified by Kohl's prior to each publication.  See, **Exhibit "23."**

Plaintiff thereafter made application for employment at the following entities on or about the following dates:

- Cornel Univ. Medical College, January 2004;
- The Children's Place, February 2004;
- Home Depot, February 2004;
- Victoria's Secret, February 2004;
- Express, February 2004;
- Bed, Bath, and Beyond, Spring 2004;
- DSW Shoe Warehouse, April 2004;
- Filene's Basement, April 2004;
- Fortunoff, March 2004;
- Taylor Hudson Agency, December 2005;
- Century 21 Department Stores, December 2005; and,
- Linens-N-Things, January 2006 (see, Revella aff., ¶ 4).

---

[3] This service is a national database used by employers to provide employee information, such as theft or fraud, which is then available, via background checks, to future potential employers.  See, USIS Frequently Asked Questions, annexed as part of **Exhibit "23."** Once an employer provides such information, it is available to subscribers of the service.  Before the USIS reports any information to a potential employer, it requires that the original reporting company re-verify the accuracy of the information; thus, each time the information is repeated, it is republished.  See, id.

On February 13, 2006, plaintiff was hired by Linens-N-Things, but was abruptly terminated a few days later.  See, Revella aff., ¶ 5.  See also, **Exhibit "2."**  Plaintiff was informed that her termination was a result of the USIS screening, which contained the false incident report from Kohl's that stated plaintiff was terminated on January 12, 2004 for "Unauthorized Taking of Merchandise" in the amount of "$45.02."  See, **Exhs. "2"** and **"3."**

Plaintiff contacted USIS (see, Revella aff., ¶¶ 7-8; and, **Exhibit "4"**), which prompted an inquiry into the validity of the incident report.  On March 2, 2006, Kohl's Regional Director of Loss Prevention, Mr. Rizzardo, admitted to plaintiff that it erroneously provided this information to USIS, and that plaintiff's departure from Kohl's was "under good terms."  See, Revella aff., ¶ 9; and, **Exhibit "5."**  The letter states, in pertinent part:

> Please accept this letter as my deepest apology for any inconvenience that you may have experienced regarding your name appearing in the United Store Mutual Association (USMA) database.  I do not know how this could have happened, but I assure you that your name has been removed and the record has been deleted.
>
> Our records indicate that you resigned your position from our location in Shirley, NY on January 12, 2004 under good terms.  [] (**Exhibit "5"**).

Thereafter, USIS confirmed that it deleted the false incident report.  See, Revella aff., ¶ 10; and, **Exhibit "5."**

**Procedural History**

Plaintiff commenced this action by filing a Summons and Complaint on March 1, 2006.  See, **Exhibit "7."**  On May 7, 2007, defendant removed this action, based upon diversity, to the United State District Court, Southern District of New York.  See, **Exhibit "8."**  On May 11, 2007, defendant served its answer.  See, **Exhibit "9."**  Defendant's answer does <u>not</u> contain an affirmative defense based upon the statute of limitations.

3

On May 29, 2007, defendant served its first set of interrogatories. <u>See</u>, **Exhibit "10."** On June 4, 2007, defendant served its Rule 26 initial disclosures, which did not contain any documents. <u>See</u>, **Exhibit "11."** On June 8, 2007, plaintiff served its Rule 26 initial disclosures (<u>see</u>, **Exhibit "12"**), and subpoenas for information on USIS and USMA (<u>see</u>, **Exhibit "13"**). On June 11, 2007, plaintiff sent a letter to defense counsel regarding defendant's deficient Rule 26 disclosures. <u>See</u>, **Exhibit "14."**

On June 12, 2007, plaintiff served its first set of interrogatories (<u>see</u>, **Exhibit "15"**) and first set of request for production of documents (<u>see</u>, **Exhibit "16"**); defendant has yet to serve its responses to these demands. On June 13, 2007, plaintiff's served its responses to defendant's first set of interrogatories. <u>See</u>, **Exhibit "17."**

On June 13, 2007, defendant served its notice for discovery and inspection (<u>see</u>, **Exhibit "18"**), and its supplemental Rule 26 disclosure (<u>see</u>, **Exhibit "19"**). On June 22, 2007, plaintiff sent correspondence to defense counsel detailing the insufficiencies in defendant's supplemental Rule 26 disclosures. <u>See</u>, **Exhibit "20."**

On June 22, 2007, plaintiff served its second set of interrogatories (<u>see</u>, **Exhibit "21"**) and a demand to depose Mr. George Rebicek, defendant's associate (<u>see</u>, **Exhibit "22."**). On July 2, 2007, USIS served its response to plaintiff's subpoenas together with responsive documentation. <u>See</u>, **Exhibit "23."**

On July 2, 2007, defendant served its second notice for discovery and inspection. <u>See</u>, **Exhibit "24."** On July 5, 2007, correspondence was sent to defense counsel stating that plaintiff has provided defendant with all information in her possession, and reminded defendant that it has not provided responses to plaintiff's discovery demands. <u>See</u>, **Exhibit "25."** Defendant has not yet responded to either plaintiff's first set of interrogatories and first set of request for production of documents, and plaintiff's second set of interrogatories. <u>See</u>, **Exhs. "15," "16," <u>and</u>, "21."**

## ARGUMENT

## POINT I

## DEFENDANT'S MOTION MUST BE DISMISSED AS UNTIMELY

Defendant's motion is made pursuant to FRCP 12(b)(1)(6) (see, defendant's notice of motion; and, Goldstein aff., ¶ 1 and p., 2), which is not an existing rule. In any event, defendant's motion is a 12(b) motion. According to the Federal Rules, defendant's motion pursuant to 12(b) must be made prior to the service of defendant's answer.

Defendant served its answer on May 11, 2007. See, **Exhibit "9."** Defendant's motion is dated June 22, 2007. See, defendant's notice of motion. Defendant may not move to dismiss a complaint that it has already answered.[4] See, Sherman v. Kramer & Spiegler, et. al., 79 U.S.P.Q. (BNA) 65, 1R (SDNY 1948) (citations omitted); and, Vassardakis v. Parish, 36 F.Supp. 1002, 1003 (SDNY 1941). See also, Only v. Ascent Media Group, LLC, 2006 U.S. Dist. LEXIS 72676, 26 (DNJ 2006) (citing Vassardakis, supra).

Since defendant served its answer prior to making its 12(b) motion, defendant's motion must be dismissed.

---

[4] In addition, FRCP 12 provides that, 12(b)(6) is amended, by order of the Supreme Court dated April 30, 2007, effective December 1, 2007, to read "a motion asserting any of these [12(b)] defenses must be made before pleading if a responsive pleading is allowed.

## POINT II

## DEFENDANT WAIVED ITS RIGHT TO A
## STATUTE OF LIMITATIONS DEFENSE

Defendant's motion is procedurally defective.  The Federal Rules provide that "a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense." FRCP 8(c) (2007).  "A claim that a statute of limitations bars a suit is an affirmative defense, and, as such it is waived if not raised in the answer to the complaint."  Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742, 751-52 (2$^d$ Cir. 1992) (citing FRCP 8(c); and, U.S. v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1253 (2$^d$ Cir. 1989)).  See also, Davis v. Bryan, 810 F.2d 42, 44 (2$^d$ Cir. 1987) (citing Santos v. Dist. Council, 619 F.2d 963, 967 (2$^d$ Cir. 1980) (it "is a personal defense that is waived if not promptly pleaded").

          Defendant did not raise the statute of limitations as a defense in its answer.  See, **Exhibit "9."** As stated above, this 12(b) motion was made after the defendant's answer, so this motion is not the proper venue to raise the statute of limitations as a defense to plaintiff's claims.  See, Point I, supra. Ergo, the defendant did not properly plead a statute of limitations defense.  Consequently, defendant has waived its statute of limitation defense.

Since defendant's motion is solely predicated upon the statute of limitations, it must be dismissed.

**CONCLUSION**

For the reasons set forth herein, plaintiff respectfully requests that this Court dismiss the defendant's motion with prejudice, with costs and disbursements, together with such other and further relief as deemed just and proper by the Court.

Dated: Walden, New York
      July 12, 2007.

                        Yours, etc.

                        _s/_____
                        JOSEPH J. RANNI, ESQ.
                        CARMEE G. MURPHY, ESQ.
                        Jacobowitz & Gubits, LLP
                        *Attorney for Plaintiff, JoEllen Revella*
                        158 Orange Avenue, P.O. Box 367
                        Walden, New York 12586
                        (845) 778-2121

TO:    STEVEN F. GOLDSTEIN
        Steven F. Goldstein, LLP
        *Attorney for Defendant, Kohl's Dept. Stores, Inc.*
        One Old Country Road, Suite 318
        Carle Place, New York 11514
        (516) 873-0011

7