UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JOELLEN REVELLA ,

Docket No: 07 CIV 3692 (MDF,MJ)

Plaintiff,

**NOTICE OF MOTION**

-against-

KOHL'S DEPARTMENT STORES, INC.,

Defendant.

-----------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed affidavit of STEVEN F. GOLDSTEIN, Esq., duly sworn to on the 18th day of July 2007, and the attached Exhibits, the undersigned will move this Court, before United States Magistrate Judge Mark D. Fox at the United States District Court, Southern District of New York located at 300 Quarropas Street, White Plains, New York 10601-4150 for an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, allowing defendant KOHL'S DEPARTMENT STORE to amend their answer to include an affirmative defense of the statute of limitations, together with such other, further and different relief as the Court may deem appropriate.

Dated: Carle Place, New York
July 18, 2007

STEVEN F. GOLDSTEIN, L.L.P.

By: ______________________
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

TO: JACOBOWITZ & GUBITS, LLP
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
(845) 778-2121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOELLEN REVELLA ,

Plaintiff,

-against-

KOHL'S DEPARTMENT STORES, INC.,

Defendant.
-----------------------------------------------------------------X

Docket No: 07 CIV 3692(MDF, MJ)

**AFFIDAVIT IN SUPPORT**

STEVEN F. GOLDSTEIN, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am fully familiar with all of the facts and circumstances heretofore had herein, and make this affirmation in support of the within motion seeking leave to amend the answer of defendant to include an affirmative defense of the statute of limitations, inadvertently omitted from the answer as served, together with such other, further and different relief as the Court may deem appropriate.

2. This is an action sounding in alleged libel and slander, as well as the allegedly negligent dissemination of false information and intentional infliction of emotional distress. Counsel for the plaintiff alleges that the statements in question were made by the plaintiff on or about January 12, 2004, and that the harm alleged - the plaintiff claims to have been fired from her job - occurred on February 24, 2006. (Please see the plaintiff's Complaint, annexed hereto as Exhibit "A").

3. The plaintiff's First, Second and Fourth causes of action allege intentional acts by the defendant. In New York, the general applicable statute of limitations for actions involving acts of defamation is one (1) year. The period runs from the date of the initial publication of the alleged defamatory writing, and not from the date of the publications distribution. (See CPLR 215)

4. On May 11, 2007, this office served an Answer on behalf of Kohl's in this matter, after removing the matter to the Southern District. (Exhibit "B"). Inadvertently, the Affirmative Defense of the Statute of Limitations was omitted from the Answer served at that time. We would thus request permission to serve an Amended Answer asserting that defense. A copy of the proposed Amended Answer is annexed hereto as Exhibit "C."

5. Rule 15(a)(2) of the FRCP states that, if more than 20 days have elapsed since the service of a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*." [emphasis added].

6. Leave to amend will only be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc," and that absent the existence of such extreme circumstances, "the leave sought should ... be freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also *ResQNET.Com, Inc. v. Lansa, Inc.*, 382 F.Supp.2d 424 (S.D.N.Y., 2005); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir.2001) ("[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive."). The Second Circuit has opined that "it is rare that such leave should be denied, especially where there has been no prior amendment."*Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2nd Cir., 1991). "Only undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party or futility of the amendment will serve to prevent an amendment prior to trial." *Lettis v. USPS*, 973 F.Supp. 352 (E.D.N.Y., 1997), quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

7. To determine whether there would be undue prejudice from a proposed amendment, a court must consider whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir.2000); see also *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993); *ResQNET.Com, Inc.*, supra. "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *ResQNET.Com, Inc.*, supra, quoting *Oneida Indian Nation of New York v. City of Sherrill, New York*, 337 F.3d 139, 168 (2d Cir.2003); *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F.Supp.2d 281, 298 (S.D.N.Y.2000) (explaining that if the proposed amendment "would be subject to 'immediate dismissal' for failure to state a claim or on some other ground, the Court will not permit the amendment"); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999). Delay alone, in the absence of a showing of undue prejudice or bad faith, is an insufficient basis for denying a motion to amend. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir.2000); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir.1995); *ResQNET.Com, Inc.*, supra. The Second Circuit has in fact interpreted the *Foman* standard to allow amendments, *despite* an undue delay (which, it is respectfully asserted, does not exist here in any way) unless there is a corresponding finding of bad faith,

prejudice, or the futility of the proposed amendment. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2nd Cir., 1987); see also *McCoy*, supra. The Supreme Court of the United States has even stated that it would be withing the discretion of the court to grant a motion to amend the pleadings a full year after the trial, as long as the Court takes the issue of prejudice into account. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795 (1971).

8. The Second Circuit has been adamant in finding that there will be *no undue prejudice found* where the application is not made on the eve of trial, where no trial date has been set and no motion for summary judgment filed by the party seeking to oppose the application (which could thus be invalidated or mooted by the sought amendment), and the amendment "will not involve a great deal of additional discovery." *State Teachers Retirement Board v. Fluor Corporation*, 654 F.2d 843 (2nd Cir., 1981), citing *Bradick v. Israel*, 377 F.2d 262 (2nd Cir.), cert. denied 389 U.S. 858, 88 S.Ct. 101 (1967).

9. Note as well that *it is not the burden of the movant* who seeks to amend to prove a *lack* of prejudice, lack of prejudice is presumed. Instead, "[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F.Supp. 54, 70 (E.D.N.Y.1994); *Panzella v. Skou*, 471 F.Supp. 303, 305 (S.D.N.Y.1979); *European Cmty. v. RJR Nabisco, Inc.*, 150 F.Supp.2d 456 (E.D.N.Y.2001); *Saxholm AS v. Dynal, Inc.*, 938 F.Supp. 120, 123 (E.D.N.Y.1996); *ResQNET.Com, Inc.*, supra. Likewise, the party opposing a motion to amend bears the burden of establishing that an amendment would be futile. See *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 137-38 (E.D.N.Y.1998); *Harrison v. NBD Inc.*, 990 F.Supp. 179, 185

(E.D.N.Y.1998); *ResQNET.Com, Inc.*, supra.

10. This Court has specifically stated that an amendment to a defendant's answer to include an affirmative defense of the expiration of the statute of limitations should be granted absent a showing of "undue prejudice."*See, e.g., Thomas v. New York City*, 814 F.Supp. 1139 (E.D.N.Y., 1993).

11. It is respectfully asserted that in no way are any of the above discussed complications, which might prevent the amendment of the defendant's answer, present in this matter. Discovery in this matter is only in its very early stages, with no more than interrogatory responses and initial disclosures served, depositions have not yet been conducted, thus there can be no finding of prejudice. The Answer in question was only served just over two months ago, and thus there can be no finding of undue delay. Counsel for the plaintiff certainly can not claim any prejudicial surprise, and must be presumed to be aware of the statute of limitations. Lastly, as the plaintiff's own complaint alleges affirmatively that the injury alleged occurred on February 24, 2006 (thus necessitating that the allegedly libelous act occurred prior to that) and was itself dated March 1, 2007 (please see Exhibit "A"), there can be no possible claim that the defense would be futile.

12. Please note that in the hopes of avoiding the necessity of making the present motion, I contacted counsel for the plaintiff in this matter on July 17, 2007, and requested that they stipulate to allow for the present proposed amendment, and that my request was refused.

13. It is respectfully requested that this Court issue an Order which grants the defendant leave to serve the enclosed Amended Verified Answer, together with such other, further and different relief as this Court deems just and proper.

Dated: July 18, 2007

STEVEN F. GOLDSTEIN, L.L.P.

By:________________________
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
One Old Country Road, Suite 318
Carle Place, New York 11514

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

SALLY TAYLOR, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the 18 day of July 2007, deponent served the within **NOTICE OF MOTION, AFFIRMATION IN SUPPORT AND ANNEXED EXHIBITS** upon:

TO: JACOBOWITZ & GUBITS, LLP
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
(845) 778-2121

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Sally Taylor
SALLY TAYLOR

Sworn to before me this
18 day of July 2007

Debra Barbine
Notary Public

DEBRA BARBINE
Notary Public, State of New York
No. 01BA5076195
Qualified in Nassau County
Commission Expires April 21, 2011