# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOELLEN REVELLA,            Docket No.: 07 CIV 3692

                             Plaintiff,            **VERIFIED AMENDED ANSWER**

  -against-

                                         **Trial by Jury Demanded**

KOHL'S DEPARTMENT STORES, INC.,

                                          Hon. J. Wood
                            Defendant.         Magistrate Mark D. Fox
-------------------------------------------------------------------X

Defendant, KOHL'S DEPARTMENT STORES, INC., as and for its Verified Amended Answer to the Verified Complaint of the plaintiff herein, by its attorneys, STEVEN F. GOLDSTEIN, LLP, respectfully alleges and states, upon information and belief, as follows:

### ANSWERING FIRST CAUSE OF ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs "1," "7," "9," "10" and "11" of the within Verified Complaint.

2. Defendant denies each and every allegation contained in Paragraphs "3," "12," "13," "14," "15," "16," "17," "18," "19," "20," "21," "22," and "23" of the within Verified Complaint.

### ANSWERING SECOND CAUSE OF ACTION

3. Defendant repeats, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" through "23" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

4. Defendant denies each and every allegation contained in paragraph "25" and "26" of the within Verified Complaint.

### ANSWERING THIRD CAUSE OF ACTION

5. Defendant repeats, reiterates and realleges each and every of the foregoing denials,

denials of knowledge or information and admissions as contained within Paragraphs "1" through "27" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

6. Defendant denies each and every allegation contained in Paragraphs "28" and "29" of the within Verified Complaint.

### ANSWERING FOURTH CAUSE OF ACTION

7. Defendant repeats, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" through "29" of the Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

8. Defendant denies each and every allegation contained in Paragraphs "31" and "32" of the within Verified Complaint.

### ANSWERING FIFTH CAUSE OF ACTION

9. Defendant repeats, reiterates and realleges each and every of the foregoing denials, denials of knowledge or information and admissions as contained within Paragraphs "1" and "32" of the within Verified Complaint, inclusive with the same force and effect as if set forth herein at length.

10. Defendant denies each and every allegation contained in Paragraphs "34" and "35" of the within Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. That the plaintiff's Verified Complaint, in whole or in part, fails to state a valid cause of action, or claim upon which relief may properly be granted against this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Upon information and belief, that any injuries sustained by plaintiff, were caused

solely and wholly by reason of the carelessness, negligence, acts or omissions of the plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. The answering defendant denies any liability. However, should defendant be held responsible, the defendant demands that responsibility and damages be apportioned, reduced and determined in accordance with Articles 14 and 16 of the CPLR, in that if the finder of fact finds the answering defendant responsible, then plaintiff's damages were caused by her own culpable conduct and/or the culpable conduct and/or acts of others.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. In the event plaintiff recovers a verdict or judgment against answering defendant, said verdict or judgment should be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. This answering defendant pleads as a set off of all settlements, discontinuances or agreements which would reduce any recovery pursuant to General Obligations Law 15-108.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. If it is proven that the defendant made statement(s) about the plaintiff, false or otherwise, then such statement(s) were made under a qualified privilege.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. If it is proven that the defendant made statement(s) about the plaintiff, false or otherwise, were truthful when made.

## AS AND FOR NINTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to mitigate the damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. The plaintiff has not suffered a pecuniary loss or opportunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.  That if it is proven that false statements were made about the plaintiff, than such statement were made by a person not employed by the defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.  That if it is prove that false statement(s) were made by an employee of the defendant, than such statement(s) were made outside the scope of their employment and that they had no authority to bind the defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22.  This action is barred by the Statute of Limitations.

WHEREFORE, defendant KOHL'S DEPARTMENT STORES, INC., demands judgment dismissing the complaint of the plaintiff herein, together with all reasonable costs and expenses which may have been incurred in the defense of this action.

Dated:  Carle Place, New York
        July 18, 2007

Yours, etc.

STEVEN F. GOLDSTEIN, LLP

By: _____
       Steven F. Goldstein (2076)
Attorneys for Defendant
One Old Country Road, Suite 318
Carle Place, New York  11514
(516) 873-0011

TO:  JACOBOWITZ & GUBITS, LLP
     Attorneys for Plaintiff
     158 Orange Avenue, P.O. Box 367
     Walden, New York 12586
     (845) 778-2121

**VERIFICATION**

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NASSAU      )

**STEVEN F. GOLDSTEIN**, an attorney admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the Civil Practice Law and Rules of the State of New York.

1. The affirmant is a member of the law firm of STEVEN F. GOLDSTEIN, LLP attorney for defendant.

2. The affirmant has read the foregoing **AMENDED ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes it to be true.

3. The affirmant further states that the reason this verification is being made by the affirmant and not by the defendant, is that the defendant is not currently within the County in which the affirmant maintains his office.

4. The grounds of belief as to all matters not stated upon the knowledge of the affirmant are as follows: information contained in the records and files of the affirmant and of plaintiff.

_____
STEVEN F. GOLDSTEIN

Sworn to before me this
18 day of July 2007

_Sally Taylor_
Notary Public

SALLY TAYLOR
Notary Public, State of New York
No. 01TA6126220
Qualified in Nassau County
Commission Expires May 2, 2009