# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------x    2007-1891
JOELLEN REVELLA,

                    Plaintiff,                                **COMPLAINT**

    -against-

                                                                Index No.:
KOHL'S DEPARTMENT STORES, INC.,

                    Defendants.
---------------------------------------------------------------x

        JOELLEN REVELLA, by her attorneys, Jacobowitz & Gubits, LLP, complains against KOHL'S DEPARTMENT STORES, INC. (hereinafter "Kohl's" or "Defendants"), the Defendants, as follows:

        1.        At all times hereinafter, Plaintiff JoEllen Revella (hereinafter "Revella" or "Plaintiff") resides at 22 Pleasant Avenue, Walden, New York 12586.

        2.        Upon information and belief, Kohl's is a foreign corporation.

        3.        Upon information and belief, Kohl's is a domestic corporation existing in accordance with the laws of the State of New York.

        4.        Upon information and belief, Kohl's is authorized to do business in the State of New York.

        5.        Upon information and belief, Kohl's is doing business in the State of New York.

        6.        Upon information and belief, Kohl's is in the business of retail sales of consumer goods.

        7.        In furtherance thereof, the Defendant employs individuals in various corporate marketing sales, clerical positions and management personnel.

        8.        Kohl's operates a retail facility at 1001 Montauk Highway in the County of Suffolk, State of New York at which the Plaintiff was employed.

        9.        Starting in or about the year 2002, Plaintiff was employed by the defendant as an Assistant Manager.

        10.      Plaintiff gave notice of her intent to leave employment on January 12, 2004.

        11.      As an Assistant Manager, Plaintiff performed her duties and responsibilities in a

1

satisfactory manner. Plaintiff did not suffer any material criticism or discipline during her employment with defendant nor did defendant ever seek plaintiff's separation, termination or request plaintiff's resignation.

12. After leaving Kohl's, the defendant falsely stated, or caused false information to be communicated, that Plaintiff had been terminated from employment as a result of the, "Unauthorized taking of merchandise in the amount of $45.02" or words to that effect.

13. Such information was intentionally and knowingly communicated by Kohl's to the United States Merchandisers Association (USMA).

14. USMA is a trade organization utilized by the retail industry to provide reports and/or information about former employees for prospective employers.

15. At the time the information was uttered by the Defendant, such information was known to be false; that Defendant failed and/or refused to ascertain the truthfulness thereof through reasonable means; or otherwise constructively knew or should have known of the falsity of such communication.

16. Such utterances were published by Defendant with the knowledge that USMA would repeat and republish such false information to prospective employers of Plaintiff.

17. Defendant knew, either actually or constructively, that Plaintiff would be denied, deterred or terminated from employment as a result thereof.

18. Plaintiff thereafter sought employment and was denied such employment as a direct or consequential result of the false information uttered by Defendant.

19. On February 24, 2006, Plaintiff was denied and terminated from employment by "Linens-n-Things" as a result of Defendant's conduct.

20. On or about March 28, 2006, Plaintiff learned of and disputed the false, slanderous and libelous information uttered and published by Defendant.

21. Defendant thereafter acknowledged the falsity of said information and issued a retraction thereof.

2

## AS AND FOR THE FIRST CAUSE OF ACTION

22. Defendants statements were defamatory and slanderous per se.

23. That as a result thereof, Plaintiff is entitled to damages in the amount of $450,000.00. compensatory damages, treble damages, punitive/liquidated damages, interest from the date due, attorneys fees, costs and disbursements and such other relief to which she may be entitled.



## AS AND FOR THE SECOND CAUSE OF ACTION

24. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.



25. Defendants statements were libelous per se.

26. Wherefore, Plaintiff is entitled to relief in an amount of $450,000.00 and is entitled to damages including, but not limited to compensatory damages, expectation damages, punitive damages, costs and disbursements and such other remedy to which Plaintiff may be entitled.

## AS AND FOR THE THIRD CAUSE OF ACTION

27. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.



28. That Defendant negligently disseminated false information it knew or should have known was false.

29. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, interest from the date due, costs and such other relief as she may be entitled.

## AS AND FOR THE FOURTH CAUSE OF ACTION

30. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.



31. Defendants' conduct amounts to the infliction of intentional emotional distress upon Plaintiff.

32. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, liquidated damages, interest from the date due, fees, costs and disbursements and such other relief as she may be entitled.

### AS AND FOR THE FIFTH CAUSE OF ACTION

33. Plaintiff repeats and reiterates all preceding paragraphs as though fully set forth herein.

34. That as a result of Defendant's conduct, Plaintiff is entitled to equitable remedies.

35. That as a result thereof, Plaintiff is entitled to relief in the amount of $450,000.00, compensatory damages, quantum meruit, interest from the date due, attorneys fees, costs and disbursements and such other equitable relief as she may be entitled.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the damages sought by Plaintiff; for fees incurred in the prosecution of this action; and for such further relief the Court deems just and proper.

Dated: Walden, New York
       March 1, 2007

JACOBOWITZ & GUBITS, LLP

By: Joseph J. Ranni, Esq.
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
(845) 778-2121

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------X
JOELLEN REVELLA,

                     Plaintiff,                    **VERIFICATION**

  -against-

KOHL'S DEPARTMENT STORES, INC.,           Index No.:

                     Defendant.
----------------------------------------------------------------X

STATE OF NEW YORK     )
                              ) SS.:
COUNTY OF ORANGE     )

      **JOELLEN REVELLA**, being duly sworn, deposes and says that he is the Plaintiff herein residing in Walden, New York and states that she has read the annexed Complaint, knows the contents thereof and the same is true to her knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters she believes them to be true. Her belief, as to those matters therein not stated upon knowledge, is based upon the files maintained by JACOBOWITZ & GUBITS, LLP

                                                            _____
                                                            JOELLEN REVELLA

Sworn to before me this
22 day of February, 2007.

_____
Notary Public

                KERRY A. BURAKOWSKI
           Notary Public, State of New York
             Residing in County of Orange
                 No. 01BU5014217
          Commission Expires July 15, 2007

Index No. _____ Year _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

JOELLEN REVELLA,

                  Plaintiff,

        - against -

KOHL'S DEPARTMENT STORES, INC.,

                  Defendant.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**JACOBOWITZ AND GUBITS**
*Attorneys for Plaintiff*
158 ORANGE AVENUE - P.O. BOX 367
WALDEN, NEW YORK 12586
(845) 778-2121

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated:_____     Signature...................................................................

                                                                       *Print Signer's Name* _____

---

Service of a copy of the within                                                       is hereby admitted.

Dated:
                                                                      Attorney(s) for

---

**PLEASE TAKE NOTICE**

[ ]             *that the within is a true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*
ENTRY

[ ]             *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF             *one of the judges of the within named Court,*
SETTLEMENT   *at*
                 *on*                       *200, at*           *M.*

Dated:
                                                        **JACOBOWITZ AND GUBITS**
                                                        *Attorneys for Plaintiff*
                                                        158 ORANGE AVENUE - P.O. BOX 367
                                                        WALDEN, NEW YORK 12586

To:

Attorney(s) for