UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOELLEN REVELLA,                                                      Docket No: 07 CIV 3692(MDF, MJ)

                Plaintiff,

                                                             **AFFIDAVIT IN REPLY**

   -against-

KOHL'S DEPARTMENT STORES, INC.,

                Defendant.
------------------------------------------------------------------X

       STEVEN F. GOLDSTEIN, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

       1.     I am fully familiar with all of the facts and circumstances heretofore had herein, and make this affirmation in reply to the Affidavit in Opposition served by counsel for the plaintiff in this matter, and in further support of the present motion to dismiss this matter due to the plaintiff's failure to bring this action within the one year statute of limitations operative for intentional torts in the State of New York.

       2.     Plaintiff's counsel makes no *substantive* arguments in their opposition - presumably for the simple reason that no such arguments exist. They make instead two entirely procedural arguments which, even if for the purposes of this motion we were to concede were correct, can be dealt with in such a way as to render them for all intents and purposes irrelevant.

       3.     Plaintiff argues first that this motion can not be considered, as it was filed subsequent to the filing of our Answer in this matter. In order to forestall any argument on this issue, it is respectfully submitted that a motion pursuant to FRCP 12(b)(6) which is made after the filing of an Answer essentially *must* be treated as one for summary judgment, pursuant to FRCP 56, thus negating any issue of waiver of the defense on which the motion is made. *See, e.g., Wright v. City of Philadelphia Water Dept.*, E.D.Pa.1993, 147 F.R.D. 97. To that end, we hereby request that this Court so treat the present motion.

4. Plaintiff secondly - and lastly - argues that the Statute of Limitations was not pled in our Answer, and argues that we thus waived the right to move thereunder. Conceding that the omission of the Statute of Limitations from the Answer was an error on the part of this office, the Court's attention is hereby drawn to the presently outstanding Motion to Amend our Answer, listed as item number 14 on the court's Docket for this case, and filed July 18, 2007. That motion seeks permission to amend our answer to include that affirmative defense, left out of the original answer purely by means of a clerical error. For the convenience of all involved, we would respectfully request that these two motions be heard simultaneously.

5. It is therefore respectfully requested that the Court grant summary judgment to the defendant herein, dismissing this action for plaintiff's unexplained failure to bring said action within the appropriate one year statute of limitations, together with such other, further and different relief as this Court deems just and proper.

Dated: July 20, 2007
       Carle Place, New York

STEVEN F. GOLDSTEIN, L.L.P.

By: _____
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
One Old Country Road, Suite 318
Carle Place, New York 11514

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NASSAU   )

SALLY TAYLOR, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the 20 day of July 2007, deponent served the within **AFFIDAVIT IN REPLY** upon:

TO: JACOBOWITZ & GUBITS, LLP
Attorneys for Plaintiff
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
(845) 778-2121

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
SALLY TAYLOR

Sworn to before me this
20 day of July 2007

_____
Notary Public

MARYANN MAINI
Notary Public, State of New York
No. 01MA5088317
Qualified in Nassau County
Commission Expires November 17, 2009