UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOELLEN REVELLA,                                    Docket No: 07 CIV 3692(MDF, MJ)

                Plaintiff,

                                                                   **AFFIDAVIT IN REPLY**

  -against-

KOHL'S DEPARTMENT STORES, INC.,

                Defendant.
------------------------------------------------------------------X

      STEVEN F. GOLDSTEIN, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

      1.     I am fully familiar with all of the facts and circumstances heretofore had herein, and make this affirmation in reply to the Affirmation In Opposition served by the plaintiff in this matter, and in further support of the within motion seeking leave to amend the answer of defendant to include an affirmative defense of the statute of limitations, inadvertently omitted from the answer as served, together with such other, further and different relief as the Court may deem appropriate.

      2.     Plaintiff's counsel's statement that the parties "thereafter engaged in discovery" following the service of our initial Answer is true, but misleading in its tone. Documentary discovery has been started, but is far from complete, and depositions have not yet been conducted. The end-date for discovery is January 4, 2008.

      3.     Plaintiff's continual reference to waiver and to our making the present motion "to overcome this waiver" is also misleading. The affirmative defense of the statute of limitations is waived only if not brought up in an answer *or amended answer*. Please see *Federal Procedure, Lawyers Edition* § 62:96.

      4.     Failure to plead affirmative defense results in waiver of that defense unless party

is allowed to amend its pleading. *Advocat v. Nexus Industries, Inc.*, 497 F.Supp. 328 (D.C. Del.1980). Failure to include statute of limitations as affirmative defense in original answer did not automatically waive that defense or preclude defendant from raising it in an amended answer, where the amendment is otherwise proper, and there is no prejudice to the plaintiff. *In re Radcliffe's Warehouse Sales, Inc.*, 31 B.R. 827 (Bkrtcy.W.D.Wash.1983). In view of fact that rule 8(c) of the Federal Rules require specific defenses be pleaded as an affirmative defense, and that under rule 12(h) of these rules, failure to so plead may be considered as a waiver of that defense, an amendment to a responsive pleading should therefore be allowed to contain such a defense so long as no substantial prejudice results to plaintiff. *Witcjak v. New Franklin Coal Min. Co.*, 173 F.Supp. 661 (E.D.Pa.1959). See also *Tokio Marine and Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101 (C.A.2, 1986); *Marathon Enterprises, Inc. v. Schroter GMBH & Co.*, 2003 WL 355238 (S.D.N.Y.2003); *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616 (C.A.8, 2007).

   5.   It is also worth noting of course that Rule 15(c), "Relation Back of Amendments," states in relevant part that "[a]n amendment of a pleading relates back to the date of the original pleading when... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

   6.   Counsel's indication that we "waited until after plaintiff charted her course of discovery" can not possibly be considered a valid objection to this amendment. Given that discovery has barely begun, that depositions have yet to be conducted, and that the end date for discovery will not be reached until January of 2008, plaintiff can not possibly claim any prejudice in this matter. As such, it is respectfully requested that this court discount the plaintiff's opposition in its entirety, and grant the

present application to amend our Answer to include the inadvertently omitted affirmative defense of the statute of limitations.

Dated: July 26, 2007

STEVEN F. GOLDSTEIN, L.L.P.

By:_____
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
One Old Country Road, Suite 318
Carle Place, New York 11514

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NASSAU         )

      SALLY TAYLOR, being duly sworn, deposes and says:

      That deponent is not a party to the action, is over 18 years of age, and resides in New York.

      That on the 26 day of July 2007, deponent served the within **AFFIDAVIT IN REPLY** upon:

TO:    JACOBOWITZ & GUBITS, LLP
        Attorneys for Plaintiff
        158 Orange Avenue, P.O. Box 367
        Walden, New York 12586
        (845) 778-2121

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                                               SALLY TAYLOR

Sworn to before me this
26 day of July 2007

_____
Notary Public

        DEBRA BARBINE
    Notary Public, State of New York
        No. 01BA6076195
     Qualified in Nassau County
   Commission Expires April 21, 2011