UNITED STATES DISTRICT COURT, SDNY
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Joellen Revella

 -against-                                      TRIAL ORDER

                                         07 Civ. 3692 (GAY)

Kohl's Dept. Stores
------------------------------------------------------------X

The following dates shall be adhered to in the trial of this matter:

Jury Selection will be held on __10/14/08__, at 9:30 a.m. in Courtroom 118.

Trial will be held on __10/14/08__, in Courtroom 118. Unless otherwise directed by the Court, trial will be held each day from 9:30 a.m. until 5:00 p.m.

Proposed voir dire and witness lists must be filed by __9/30/08__.

Proposed jury instructions, optional trial memoranda (if the party believes it would be useful) and motions *in limine* must be filed by __9/30/08__.

Responses to motions *in limine* must be filed by __10/7/08__.

**The aforementioned papers shall be filed with the Clerk of the Court. Counsel shall simultaneously provide courtesy copies to Chambers.**

In accordance with the Federal Rules of Civil Procedure, any deposition used at trial must be the original or a certified copy thereof. Counsel must provide Chambers with a courtesy copy of any deposition to be used at trial prior to the start of trial.

**Counsel shall pre-mark all exhibits.** Counsel must provide Chambers with a courtesy copy of all exhibits prior to the start of trial.

Dated:                                    SO ORDERED:
     White Plains, New York

     8/20/08                              _____
                                          GEORGE A. YANTHIS, U.S.M.J.

## TRIAL HINTS AND REQUIREMENTS

## MAGISTRATE JUDGE GEORGE A. YANTHIS[1]

1. Proposed voir dire questions must be served and filed, with courtesy copy submitted directly to my chambers, no later than the date set by the Court. Proposed voir dire questions need not include standard boilerplate questions, but just those that are case specific.

2. Proposed jury instructions must be served and filed, with courtesy copy submitted directly to my chambers, no later than the date set by the Court.. Proposed jury instructions need not include boilerplate general instructions, but just those that are case specific. Counsel should immediately bring to the court's attention any supplemental instructions requested based on issues that come up during trial.

3. A list of witnesses must be served and filed, with courtesy copy submitted directly to my chambers, no later than the date set by the Court. If either party desires the testimony of a given witness, that party must take the appropriate steps to obtain the witnesses' presence at the appropriate time. No party should assume a given witness will be produced by the other side simply because the name appears on the witness list.

4. An optional trial brief discussing the issues to be tried, factual contentions of the parties, issues of law, and any significant or unusual evidentiary issues expected to arise during the trial may be filed and served, with a courtesy copy submitted directly to my chambers, no later than the date set by the Court.

5. A set of pre-marked documentary exhibits must be served and filed by each party no later than the date set by the Court. Counsel should confer prior to trial concerning all exhibits and stipulate to the foundation, if possible, of all exhibits whose authenticity is not questioned. Trial time should not be wasted marking documents or on unnecessary foundation testimony.

6. The Court conducts voir dire of the jury using its own questions and those submitted by counsel, in writing, when appropriate. Counsel must inform the Deputy Court Clerk orally of the identity of all persons who will be sitting at counsel table during the trial, and their affiliations. Undisposed of pre-trial issues will be resolved at or prior to the beginning of the trial. It is the responsibility of counsel to bring any such unresolved issues to the attention of the Court.

7. The Court will normally empanel eight trial jurors in civil cases, or more in a long case. Each side has three peremptory challenges to be exercised in three rounds of one challenge each. Plaintiff exercises the first challenge, leaving defendant with the last challenge. Each seat will be refilled as a round of challenges is exercised. If counsel for a party does not exercise a challenge

---

[1] Unofficial and not for publication.

in a particular round, that challenge is waived and cannot be used at a later time although remaining challenges may be used against any juror in the box. Multiple parties united in interest must exercise their challenges jointly. Challenges for cause must be presented to the Court at a side bar conference prior to the exercise of peremptory challenges.

8. Counsel are to have copies of any and all depositions which may be used at trial to provide to the Court in the event that such depositions are utilized.

9. <u>Do not run out of witnesses</u>. Counsel are to insure that they have witnesses to fill the time in each and every trial day. Where scheduling problems can be anticipated in advance, counsel is to bring those problems to the Court's attention immediately. The Court will consider taking witnesses out of order, particularly to accommodate experts who may have limited availability.

10. Please be on time for each court session. If you have matters in other courtrooms, arrange in advance to have them continued or have a colleague handle them for you.

11. Physical or verbal responses to questions or answers will not be permitted. Counsel are to instruct their clients to refrain from such facial or hand gestures, or from making verbal response to the testimony of other witnesses. Traditional decorum should be observed at all times.

12. Please stand whenever you address the Court. This includes the making of objections. Stand a respectful distance from the jury at all times. The questioning of witnesses shall be done from the lectern unless otherwise directed by the Court. Offers to stipulate shall not be made in the presence of the jury unless agreement has previously been reached.

13. In your opening statement to the jury, confine yourself to a concise summary of the important facts which you expect to prove. Do not argue the case and do not discuss law. The Court may set time limits for opening statements depending on the complexity of the case.

14. Counsel are not to comment on the substance or validity of the witness' answer during examination with interjections such as "that's right" or "O.K.". Counsel do not admonish witnesses. It is also not necessary to greet witnesses before framing questions.

15. Counsel are to make objections simply, in one or two words. Do not argue the objection in the presence of the jury. If the Court requests the basis for an objection, or a response to the objections, such basis or response must be stated simply, clearly, and succinctly. Do not argue with the ruling of the Court or make substantive motions (e.g., motion for mistrial) in the presence of the jury. Such matters may be raised at the first recess or at a sidebar conference which may or may not be granted with regard to objections.

16. Do not face or otherwise appear to address yourself to jurors when questioning a witness.

17. In bench trials, proposed findings of fact and conclusions of law are required to be served and filed, with courtesy copy submitted directly to my chambers, no later than the date set by the Court.. If counsel has the ability to provide with the courtesy copy to chambers, a 3 ½ inch computer diskette in WordPerfect 5.1 format or higher that would be helpful, but is not required.

18. Sidebar conferences are disfavored and should be kept to a minimum. Matters that should be considered outside of the presence of the jury will generally be considered at the next recess or at the end of the trial day.

19. Witnesses will be excluded from the courtroom during the testimony of other witnesses pursuant to Fed. R. Evid. 615 and the exceptions contained therein.

20. Closing arguments should be limited to discussion of the evidence and the ultimate factual conclusions or inferences which counsel wishes to have the jury reach or reject. Time limits for closing arguments may be set depending on the complexity of the case. The Court will explain its proposed jury charges in advance to all counsel, as required by the Rules, before the closing arguments are given. The Court usually sends its written jury instructions into the jury room.

March, 2001